UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUAN VAZQUEZ, PABLO MARIN,
CIRILO PACHECO, OSIEL VAZQUEZ,
ALEJANDRO LOAEZA, EMITERIO
PACHECO, HECTOR AVENDANO,
EFREN PACHECO, AVELINO CRUZ,
and RENE PACHECO, on behalf of
themselves and all other similarly
situated workers,

                              Plaintiffs,

        v.                                          **DECISION AND ORDER**
                                                    06-CV-582S
LAMONT FRUIT FARM, INC.,

                              Defendant.

## I.  INTRODUCTION

        Pending before this Court is the joint motion by the parties for approval of a

proposed class action notice and for preliminary approval of a proposed settlement of this

action.  (Docket No. 58.)  The parties also seek a scheduling order for further proceedings

in the case.  For the reasons set forth below, this Court will grant the parties' motion.

## II. BACKGROUND

        Plaintiffs brought this suit in 2006 against Defendant Lamont Fruit Farm, Inc., under

the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), (Compl. (Docket No. 1) ¶ 103),

and under New York labor law.  (Compl. ¶¶ 125-27.)  Plaintiffs also asserted a putative

class action claim on behalf of themselves and the other Workers for breach of contract.

(Compl. ¶¶ 109-22.)

1

On September 30, 2011, this Court granted Plaintiffs' motion for class certification and for appointment of class counsel.  (Docket No. 55.)  This Court certified the following class under Federal Rule of Civil Procedure 23(b)(3) for purposes of Plaintiffs' breach of contract claim: "all individuals admitted to the United States pursuant to Section 101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ('H-2A Workers') who were employed by Lamont Fruit Farm Inc. to pick apples during the 2000, 2001, 2002, 2003, 2004, and 2005 Upstate New York apple harvest seasons."  (Id. at 21.)  This Court appointed class counsel and directed the parties to file a mutually agreeable class notice containing the information required by Rule 23(c)(2)(B).  (Id.)

On November 18, 2011, the parties filed the pending joint motion for approval of the proposed class notice and notice of settlement, for preliminary approval of a proposed class settlement, and for scheduling of further proceedings.  (Docket No. 58.)  It appears the parties have agreed to settle all of the pending claims in this matter, including those brought on behalf of the certified class.

## III.  DISCUSSION

### A.  Class Action Notice

The parties seek this Court's approval of the notice that will be provided to the class members.  Rule 23(c)(2)(B) requires that, for any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notice "must clearly and concisely state in plain, easily understood

language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B).

In most respects, the proposed class notice satisfies Rule 23(c)(2)(B).  Class counsel intends to send the notice by mail to the class members, along with a Spanish translation.  (Decl. of Steven E. Cole, Esq. (Docket No. 58, Ex. 1) ("Cole Decl.") ¶¶ 12-13.) The notice is drafted in plain language that would easily be understood by its target audience.  (See Class Notice (Docket No. 58, Ex. 3).)  The notice defines a "class action" and describes those included in the class.  (Id. at 2.)  It describes the action as a lawsuit claiming that, from 2000-2005, Defendant failed to pay its foreign farm workers the required minimum wage, and also breached contracts with such workers by "failing to reimburse workers for transportation and subsistence costs to and from Mexico, and failing to provide adequate and safe housing and transportation."  (Id.)

The notice also details the proposed settlement, informing the putative class members that "[y]our rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair."  (Id. at 2.)  The notice correctly provides that the recipient has the right to be excluded from the class and forfeit the right to recover any money from the settlement.  Those who choose to opt-out are advised that they "will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your

own lawsuit against Lamont Fruit Farm[.]" (Id. at 3-4.)  The notice then provides a January 30, 2012, deadline for opting out of the class and explains that "[i]f you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money." (Id. at 4.)  The notice provides a December 30, 2012, deadline for filing claims for shares of the settlement fund.  (Id. at 3.)

However, the class notice does not specifically state, as required by Rule 23(c)(2)(B), that a class member may enter an appearance in the action through an attorney if desired.  The parties are directed to include language to this effect.  Additionally, the notice provides an incorrect address for this Court.  The new courthouse address is: 2 Niagara Square, Buffalo, New York, 14202.[1]

In all other respects the proposed class notice will be approved as drafted.

**B. Proposed Settlement**

The parties also request this Court's preliminary approval of the proposed settlement agreement.  Unlike settlements in ordinary suits, the settlement of a class action must be approved by the court.  In re Initial Public Offering Sec. Litig., 243 F.R.D. 79, 82-83 (S.D.N.Y. 2007).  The court owes a duty to class members to ensure that the proposed settlement is "fair, reasonable, and adequate." Id.; see Fed. R. Civ. P. 23(e)(2).

Preliminary approval is the first step in the settlement process, through which the district court determines the fairness of a proposed class action settlement, prior to the provision of class notice.  Chin v. RCN Corp., 2010 WL 1257586, *2 (S.D.N.Y. Mar. 12, 2010) (report and recommendation) (citing 4 NEWBERG ON CLASS ACTIONS § 11:25

---

[1]The copy of the proposed notice filed with this Court skips from paragraph 10 to paragraph 12, omitting paragraph 11.

(4th ed.), and In re Prudential Sec. Inc. Ltd. Partnership Litig., 163 F.R.D. 200, 209 (S.D.N.Y. 2009)), adopted, 2010 WL 12557594 (S.D.N.Y. Mar. 29, 2010).  In determining whether a settlement warrants preliminary approval, the court must discern whether "the proposed settlement contains 'obvious deficiencies, such as unduly preferential treatment of class representatives . . . or excessive compensation for attorneys,' or whether it 'appears to fall within the range of possible approval[.]'" Id. (quoting MANUAL FOR COMPLEX LITIGATION § 30.41 (4th ed.) (2004)).  Preliminary approval of a class action settlement 'is not tantamount to a finding that the settlement is fair and reasonable.'" Id. (quoting In re Traffic Executive Ass'n-Eastern Railroads, 627 F.2d 631, 634 (2d Cir. 1980)).

The parties' proposed settlement provides that, within thirty days of court approval of the settlement, Defendant will pay a lump sum of $401,874.59 to Farmworkers Legal Services of New York for holding and eventual distribution to the claimants.  (Stipulation of Proposed Settlement (Docket No. 58, Ex. 2) ¶ 3(a).)  Of that amount, "[u]p to a total of $256,874.59 will be paid to the class members who file timely claims as provided for in this agreement and Stipulation."[2]  (Stipulation ¶ 3(a)(i).)

A schedule of proposed payments to each individual class member is attached to the settlement agreement.  According to counsel, each eligible class member will receive a payment that brings that worker's first-week wages in line with the federal minimum wage.  (Cole Decl. ¶ 8.)  Additionally, each class member will receive a 25% liquidated damages payment, along with 9% interest "payable to late 2010."  (Cole Decl. ¶ 8.)  A

---

[2]The settlement does not specify what constitutes a "timely" claim.  However, as discussed above, the proposed class notice sets forth a filing deadline for claims of December 30, 2012.  (Class Notice at 3.)  This Court construes the settlement to incorporate by reference the December 30, 2012, deadline set forth in the class notice.

$20,000 lump sum payment will be made for alleged breaches of contract deriving from inadequate housing and transportation conditions, which "will be split among each class member according to years worked."  (Cole Decl. ¶ 8.)

In addition to the sums to be paid to the individual class members, the named Plaintiffs are to receive $15,000 in additional lump-sum payments under the settlement agreement based on each Plaintiff's own participation in the lawsuit. (Stipulation ¶ 3(a)(ii).) Specifically, Plaintiff Pablo Marin is to be paid an additional $7,000; Plaintiff Juan Vazquez is to be paid an additional $3,000; and the remaining named Plaintiffs each will receive an additional $625.  (Stipulation ¶ 3(a)(ii).)  The class notice explains that the additional sums to be paid to Plaintiffs Marin and Vazquez are for their efforts in giving deposition testimony, drafting and signing documents, and communicating with class members. (Class Notice at 3.)

Additionally, $130,000 will be paid to class counsel, Farmworker Legal Services of New York and Leclair Korona Giordano Cole LLP, for the "attorneys' fees and costs and disbursements incurred with respect to this action and the costs of administering this Settlement Agreement."  (Stipulation ¶ 3(a)(iii).)  Counsel explain that "[t]his amount is slightly less than one-third of the total settlement amount and approximates the time billed by class counsel, along with expected settlement administration fees, under the lodestar method."[3]  (Cole Decl. ¶ 10.)  Counsel intend to provide a detailed accounting of attorneys' fees and costs in advance of the fairness hearing regarding the settlement.  (Cole Decl.

---

[3]This Court notes that in the Second Circuit, an attorneys' fees award in a class action settlement may be calculated either with the "lodestar" approach or by the "percentage of fund" approach, although the trend has been toward use of the "percentage of fund" approach, under which the attorneys' fees award is set as a percentage of the total award.  McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

¶ 11.)

The settlement states that in the event a class member is deceased, "payment shall be made to the heirs of the class member or recipient in the following priority: (1) spouse; (2) children; (3) parents; (4) siblings; and (5) other relatives."  (Stipulation ¶ 3(b).)  The settlement also provides that any funds not claimed by class members "in accordance with this Agreement" will be donated to the Rural & Migrant Ministry in New York.[4]  (Stipulation ¶ 3(c).)

Having reviewed the proposed settlement agreement and the attachments thereto, this Court finds no "obvious deficiencies" with respect to the agreement's treatment of the class members, named Plaintiffs, or class counsel.  Chin, 2010 WL 1257586, at *2.  The general terms of the agreement are "within the range of possible approval" and appear to be the result of arms'-length negotiations among the parties.  Id.  Accordingly, the parties' proposed settlement agreement will be approved on a preliminary basis, pending the

---

[4]It is often the case that judgment or settlement funds from a class action will go unclaimed.  See Six (6) Mexican Workers, et al. v. Arizona Citrus Growers, 904 F.2d 1301, 1307 (9th Cir. 1990).  There is authority for the donation of unclaimed class action funds to charitable organizations.  See Jones v. Nat'l Distillers, et al., 56 F.Supp.2d 355, 358 (S.D.N.Y. 1999) ("[a] frequent use of class funds not accruing to the class members is a donation to a public or otherwise non-profit entity combating harms similar to those that injured the class members.").  The court in Jones approved the allocation of unclaimed settlement monies from a securities fraud class action to a legal aid organization.  Id. at 360; see also Plotz v. NYAT Maintenance Corp., 2006 WL 298427, *2 (S.D.N.Y. Feb. 6, 2006) (approving the distribution of unclaimed class settlement funds to several workers' rights organizations whose interests were aligned with those of the class members).
     The parties do not explain the mission of the Rural & Migrant Ministry or why it was chosen as the secondary beneficiary of the settlement fund.  The Ministry's website describes it as an interfaith organization that supports the "efforts of those who are disenfranchised, especially migrant farmworkers and the rural poor, as they seek greater self-determination[.]" http://ruralmigrantministry.org/mission/html.  The ministry's work includes accompanying farmworkers as they advocate for improved living and working conditions in New York, educating such workers on their rights and opportunities, and serving rural, migrant, and immigrant youth. http://ruralmigrantministry.org/aboutus/html.  Rural & Migrant Ministry's mission appears to coalesce with the interests of the class members in this case, who all are migrant farmworkers that worked in New York.  At or before the fairness hearing on the settlement in this case, the parties are requested to provide further elaboration on their reasons for choosing this charity as their secondary beneficiary.

distribution of class notice and the fairness hearing discussed below.

## C.  Schedule of Proceedings

The parties request a schedule of further proceedings and deadlines in this case. (Cole Decl. ¶ 13.)  This Court finds the proposed schedule to be reasonable.  The schedule for further proceedings will be as follows:

December 30, 2011:  Deadline for mailing class notice to class members.

February 17, 2012:  Deadline for class members' submissions of objections to the settlement agreement.

February 17, 2012:  Deadline for submission of opt-out statements.

March 2, 2012:  Motion for final approval of the settlement agreement is due.

March 15, 2012, 9:00 a.m. : Fairness hearing under Federal Rule of Civil Procedure 23(e)(2) to be held in this Court.

December 30, 2012: Deadline for submission of claim forms by class members.


## IV.  CONCLUSION

For the foregoing reasons, the proposed class notice is approved, with the following alterations: (1) the parties are directed to include language advising the class members that they may enter an appearance in the action through an attorney if they wish; and (2) the address of the courthouse should be corrected.  The proposed settlement agreement is approved on a preliminary basis.  The parties' proposed schedule of proceedings is approved as set forth above.

## V. ORDERS

IT IS HEREBY ORDERED, the joint motion for approval of class notice, for preliminary approval of the settlement agreement, and for a schedule of further proceedings (Docket No. 58) is GRANTED with the following alterations: (1) the parties are directed to include language advising the class members that they may enter an appearance in the action through an attorney if they wish; and (2) the address of the courthouse should be corrected.

FURTHER, that the joint motion for preliminary approval of the settlement agreement (Docket No. 58) is GRANTED.

FURTHER, that the following schedule will apply to further proceedings in this action:

December 30, 2011:  Deadline for mailing class notice to class members.

February 17, 2012:  Deadline for class members' submissions of objections to the settlement agreement.

February 17, 2012:  Deadline for submission of opt-out statements.

March 2, 2012:  Motion for final approval of the settlement agreement is due.

March 15, 2012, 9:00 a.m. : Fairness hearing to be held in this Court.

December 30, 2012: Deadline for submission of claim forms by class members.

SO ORDERED.

Dated:    December 12, 2011
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court